UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ELMER AGUIRRE-CHICAS,

       Petitioner,

    v.                     Case No.:  2:26-cv-01405-SPC-NPM

MARWAYNE MULLIN *et al.*,

       Respondents,

                                  /

## **AMENDED[1] OPINION AND ORDER**

Before the Court are Jose Elmer Aguirre-Chicas's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).  For the below reasons, the Court grants the petition.

Aguirre-Chicas is a native and citizen of Honduras who entered the United States more than five years ago.  Immigration and Customs Enforcement ("ICE") records say he was "screened" on March 27, 2021, but not inspected or admitted.  Aguirre-Chicas has a U.S. citizen child and no criminal history.  On March 26, 2026, local law enforcement arrested Aguirre-Chicas for a traffic violation and handed him over to ICE.  He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

---

[1] The original opinion and order contained an error in the petitioner's name.  This amendment corrects that error.  It does not alter the nature or timeline of the relief granted.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Aguirre-Chicas. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Aguirre-Chicas asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Aguirre-Chicas's detention is governed by § 1226(a), not § 1225(b)(2). *See Hernandez Alvarez v. Warden*, --- F.4th ---, 2026 WL 1243395

2

(11th Cir. 2026).  As a noncitizen detained under § 1226(a), Aguirre-Chicas has a right to a bond hearing.  *See id*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Aguirre-Chicas before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Aguirre-Chicas's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.  But, to be clear, subjecting Aguirre-Chicas to mandatory detention under § 1225(b)(2) is unlawful.  If the respondents are unable to ensure Aguirre-Chicas receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

3

Jose Elmer Aguirre-Chicas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Aguirre-Chicas for an individualized bond hearing before an immigration judge or (2) release Aguirre-Chicas under reasonable conditions of supervision.  If the respondents release Aguirre-Chicas, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4